UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY B. MOORE,

    Petitioner,

v.

JEFF LYNCH,

    Respondent.

Case No. 19-cv-05684-RS (PR)

**ORDER OF DISMISSAL**

This federal habeas petition will be dismissed for want of jurisdiction. Petitioner challenges a 1985 state conviction for which he received a sentence of two years. Because it is more than 34 years after this sentence was imposed, petitioner cannot be in custody for the 1985 conviction. Because he is not in custody on the conviction he challenges, the Court lacks jurisdiction over this petition. The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.*

This same 1985 conviction was used to enhance the 2005 state convictions that are the cause of petitioner's current imprisonment. Petitioner challenged the 1985 conviction as part of the habeas petition he filed against his 2005 convictions. (*Moore v. Hedgpeth*, 09-cv-01634-RS.)[1] This provides an additional reason for dismissal. By attempting to invalidate his 1985 conviction, petition is thereby yet again challenging his 2005

---

[1] This 2009 federal habeas petition was denied. (*Moore v. Hedgpeth*, 09-cv-01634, Dkt. No. 55.) Petitioner's appeal was unsuccessful. (Dkt. No. 64.)

In 2015, petitioner filed another habeas suit against his 2005 convictions, after obtaining a new judgment from the state court, which denied his petition for resentencing under new state laws. (*Moore v. Macomber*, 15-cv-04269-RS.) The 2015 petition was dismissed because the claims were untimely, procedurally defaulted, or not cognizable. (*Id.*, Dkt. No. 19.) Petitioner's appeal was terminated when the Ninth Circuit Court of Appeals denied his request for a certificate of appealability. (*Id.*, Dkt. No. 29.)

convictions and sentence. In order to file a second or successive petition, petitioner must obtain an order from the Court of Appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not shown that he has received such authorization. If the petition were not dismissed for want of jurisdiction, it would be dismissed as second or successive, the filing of which has not been authorized by the Court of Appeals.

Any contention that he is in custody on the 1985 conviction because it was used to enhance the sentence he is currently serving is without merit. If his 2005 convictions were voided, his sentence for those convictions, enhancements and all, would be voided as well. He could not be held on the 1985 conviction, the sentence for which expired over three decades ago.

It is unclear why petitioner has filed this habeas action now, as the state appellate court noted in its January 2019 denial of a state habeas suit petitioner filed. "[P]etitioner provides no record demonstrating that there is a pending criminal proceeding to which the motion [to the superior court to conduct an evidentiary hearing regarding the 1985 conviction] could properly attach." (Pet., Dkt. No. 1 at 42.)

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The petition is DISMISSED for want of jurisdiction. The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

**Dated:** September 16, 2019

_____
RICHARD SEEBORG
United States District Judge